UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>      Plaintiff,<br><br>v.<br><br>U. S. FOOD AND DRUG<br>ADMINISTRATION<br>10903 New Hampshire Avenue.<br>Silver Spring, MD 20993<br><br>      Defendant. | Civil Case No. 1:23-cv-02322 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust brings this action against the U.S. Food and Drug Administration under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Protect the Public's Trust ("PPT") is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. Consistent with Justice Brandeis's aphorism that "Sunlight is said to be the best of disinfectants; electric light the most

1

efficient policeman," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant U. S. Food and Drug Administration ("FDA") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1)). FDA has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On or before March 22, 2023, PPT submitted a FOIA request (attached as Exhibit A) to FDA seeking the following:

From January 1, 2020, through the date of the FOIA request's processing, records of the:

1. User Fees, including application fees and program fees, submitted to the FDA/Center for Biologics Evaluation and Research from the COVID-19 vaccines and how those user fees were expended.

2. Components of Shared Services Costs obligated by the Office of Acquisitions and Grants Services.

3. Individual line-item expenditures to non-governmental entities, including educational institutions, non-governmental organizations, patient and consumer advocacy groups, and government contractors, for each of the listed user fee programs.

4. Non-governmental entities, including educational institutions, non-governmental organizations, patient and consumer advocacy groups, and government contractors, receiving funds from the listed user fee programs.

5. Non-governmental entities, including educational institutions, non-governmental organizations, patient and consumer advocacy groups, and government contractors, that provided input of any kind on proposed user fee commitments.

      User Fee Programs

1. Animal Drug User Fee

2. Animal Generic Drug User Fee

3. Annual Establishment Registration Fee under the Medical Device User Fee Amendments

4. Biosimilar Biological Product Development Fee

5. Contract Manufacturing Organization Facility Fee

6. Generic Drug User Fee

7. Over-The-Counter Monograph Drug User Fee

8. Prescription Drug User Fee

9. Tobacco User Fees

7. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

8. The release of these documents is in the public interest because they will shed light on how FDA collected and spent user fees. The transparency of the FDA's fee program has recently been questioned due to "the format and level of detail of published data make it difficult to address some government-wide policy questions regarding user fees and

3

charges." D. Andrew Austin, *Economics of Federal User Fees* at 10, Cong. Research Serv. (Jan. 22, 2019), https://crsreports.congress.gov/product/pdf/R/R45463. How user fees are collected and spent is of tremendous importance to the public. In FY2022, "user fees made up approximately 46 percent ($2.9 billion) of FDA's total operating budget of $6.2 billion. *FDA User Fees: Examining Changes in Medical Product Development and Economic Benefits*, FDA Assistant Secretary for Planning and Evaluation, Office of Science and Data Policy (Mar. 2023), https://aspe.hhs.gov/sites/default/files/documents/e4a7910607c0dd76c40aa61151d154f9/FDA-User-Fee-Issue-Brief.pdf (citation omitted). The public, particularly the American taxpayer, deserve greater transparency for how these funds are managed and spent.

9. On March 22, 2023, FDA requested clarification of Plaintiff's request.
10. Following additional back and forth between Plaintiff and FDA, on March 29, 2023, FDA indicated that it would assign the request to CBER.
11. On March 30, 2023, FDA acknowledged receipt of the request, and assigned it FDA FOIA Control Number 2023-2506.
12. That same day, FDA sent an acknowledgement letter stating in part "[d]ue to an increase in the number of incoming requests, we may be unable to comply with the twenty-working-day time limit in this case, as well as the ten additional days provided by the FOIA."
13. Plaintiff has received no additional communication from FDA regarding this matter.
14. Based on FDA's acknowledgement letter and prior communications, it appears that FDA has a complete FOIA request.

15. As the Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

16. Based on FDA's acknowledgement letter, it is clear that FDA has no intention of satisfying its statutory obligation to process records within the timeframes required by FOIA, or even to provide an estimated date of completion, as required by FOIA. *See* 5 U.S.C. § 552(a)(7)(B)(ii).

17. As the record described above indicates, over 130 days have elapsed since PPT sent the Request to the Commission, yet the FDA has not determined whether it will comply with the Request. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). The FDA has not produced responsive documents to PPT, has not communicated to PPT the scope of the documents it intends to produce and withhold, along with the reasons for such withholding, and has not informed PPT of its ability to appeal any adverse portion of its determination.

18. Given these facts, it appears that the FDA has not and does not intend to meet its statutory obligations to provide the requested records absent litigation.

19. Through the FDA's failure to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

20. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21. PPT properly requested records within the possession, custody, and control of FDA.

22. FDA is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

23. FDA is wrongfully withholding non-exempt agency records requested by PPT in FDA FOIA Control Number 2023-2506 by failing to produce non-exempt records responsive to its request.

24. FDA is wrongfully withholding non-exempt agency records requested by PPT in request FDA FOIA Control Number 2023-2506 by failing to segregate exempt information in otherwise non-exempt records responsive to the request.

25. FDA's failure to provide all non-exempt responsive records violates FOIA.

26. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to request FDA FOIA Control Number 2023-2506 and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Protect the Public's Trust respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until the Defendant complies with the requirements of FOIA and any and all orders of this Court.

(2) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(3) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506.

(4) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(5) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506.

(6) Order Defendant to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506 and indexes justifying the withholding of all or part of any responsive records withheld under claim of exemption.

(7) Enjoin the Defendant from continuing to withhold any and all non-exempt records responsive to PPT's FOIA request FDA FOIA Control Number 2023-2506.

(8) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(9) Grant PPT other such relief as the Court deems just and proper.

Dated: August 10, 2023                              Respectfully submitted,

PROTECT THE PUBLIC'S TRUST
By Counsel:

/s/Gary M. Lawkowski
Gary M. Lawkowski
D.D.C. Bar ID: VA125
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue, Suite 608
Alexandria, Virginia 22314
Telephone: 703-574-1654
GLawkowski@Dhillonlaw.com

*Counsel for the Plaintiff*